UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| THOMAS A. BAYNE, JR. | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:25-cv-00421-JAW |
| | ) | |
| CUMBERLAND COUNTY SHERIFF, | ) | |
| | ) | |
| Defendant | ) | |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff, who is in state custody at the Cumberland County Jail, alleges that he is being held in custody without a hearing and that jail personnel ignored his objections to the lack of a hearing in violation of his constitutional rights. (Complaint, ECF No. 1.) Plaintiff also filed a motion to proceed without prepayment of fees and a request for an expedited release from jail. (Motion, ECF No. 2.)

Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Following a review of Plaintiff's complaint, I recommend the Court dismiss the matter.

**LEGAL STANDARD**

The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or

fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

## DISCUSSION[1]

The gravamen of Plaintiff's complaint is that although he was arrested on July 28, 2025, he had not had an initial court appearance when he prepared his pleadings in this

---

[1] The facts summarized below are derived from Plaintiff's complaint and related filings, including a petition for habeas relief in *Bayne v. Lisbon Police Department*, No. 2:25-cv-404-JAW and the docket of the state court matter *State v. Bayne*, No. ANDCD-CR-2025-00447. I take judicial notice of the filings in the related matters. *See Kowalski v. Gagne*, 914 F.2d 299, 305 (1st Cir. 1990) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand.").

matter. Plaintiff's complaint is dated August 13, 2025, and was received by the court on August 18, 2025.

A review of Plaintiff's complaint and related filings reveals that officers working with the Lisbon Police Department arrested Plaintiff in February 2025 because he was intoxicated and igniting fireworks. Plaintiff denies the officers' contentions. While released on bail, Plaintiff went to Kansas City, Missouri for work and medical treatment. In April 2025, Plaintiff was arrested in Kansas City on a warrant for violating the conditions of release, which warrant was issued out of Androscoggin County. Plaintiff remained in jail in Missouri for approximately three months before he was released and he returned to Maine.

In late July 2025, a warrant was issued for Plaintiff's arrest. He was arrested on July 28. Plaintiff filed a federal habeas petition in early August 2025 seeking release from state custody because he had allegedly been held without a hearing for more than seven days. *See* 2:25-cv-0404-JAW. Plaintiff subsequently commenced this action.

The docket in the state criminal proceeding referenced in Plaintiff's filings, *State v. Bayne*, No. ANDCD-CR-2025-00447 (Androscoggin Cty.), reflects that Plaintiff was taken into custody on July 28, 2025, pursuant to a warrant on the State's motion to revoke Plaintiff's bail, and that on August 15, 2025, Plaintiff made an appearance in state court on the matter with appointed counsel. Further proceedings have been scheduled.

Plaintiff contends that his detention was unlawful because he should have been provided a hearing within forty-eight hours. The Fourth Amendment and Due Process Clauses require "a fair and reliable determination of probable cause as a condition for any

significant pretrial restraint of liberty, and this determination must be made by a judicial officer either before or promptly after arrest." *Gerstein v. Pugh*, 420 U.S. 103, 125 (1975) (footnote omitted). When an arrest occurs without a warrant, a hearing resulting in a "judicial determination[ ] of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement," *County of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991), but "a person arrested pursuant to a warrant issued by a magistrate on a showing of probable-cause is not constitutionally entitled to a separate judicial determination" after arrest. *Baker v. McCollan*, 443 U.S. 137, 143 (1979). Because Plaintiff was taken into custody pursuant to an arrest warrant, the failure to hold a probable cause hearing within forty-eight hours did not violate his federal constitutional rights.

Even after a determination of probable cause, an arrestee cannot "be detained indefinitely" without further hearings, including the initial appearance, "even though the warrant under which he was arrested and detained met the standards of the Fourth Amendment." *Id.* Although many states have adopted more rigid deadlines, a federal constitutional violation only occurs if the delay shocks the conscience or offends another guarantee, such as the right to a speedy trial. *See Cordova v. City of Albuquerque*, No. 11-CV-806-GBW/ACT, 2013 WL 12040728, at *5 (D.N.M. Dec. 19, 2013).

Courts have generally rejected federal constitutional claims like Plaintiff's unless the delay was longer than the two to three weeks alleged in this case. *Id.* (collecting cases); *see also*, *United States v. Jones*, 70 F.4th 1109, 1113 (8th Cir. 2023) (finding no violation despite thirty-seven-day delay without evidence of a pattern); *Jauch v. Choctaw County*, 874 F.3d 425, 435 (5th Cir. 2017) (finding substantive due process violation after ninety-

4

six days without a hearing); *Hayes v. Faulkner County, Arkansas*, 388 F.3d 669, 675 (8th Cir. 2004) (finding a violation after thirty-eight-day delay); *Armstrong v. Squadrito*, 152 F.3d 564, 576 (7th Cir. 1998) (finding substantive due process violation after a delay of fifty-seven days).

Although one court found that an eighteen-day delay between arrest and initial appearance constituted a substantive due process violation, *see Coleman v. Frantz*, 754 F.2d 719 (7th Cir. 1985), more recently, courts have found no violation when the delay was eighteen days or longer than eighteen days. *See Diaz v. Wright*, No. CV 14-922 JCH/LAM, 2016 WL 10588098, at *17 (D. N.M. Mar. 22, 2016) (finding no violation after eighteen-day delay); *Cordova*, 2013 WL 12040728, at *5 (finding no violation based on period of twenty days without a hearing); *Jones*, 70 F.4th at 1113.

In assessing whether the facts would support the finding of a substantive due process violation, courts consider the "totality of the circumstances" to determine whether the delay "shocks the conscience." *Jones*, 70 F.4th at 1112. Here, a delay of approximately eighteen days between arrest and initial appearance on an alleged bail violation in an existing matter in which Plaintiff has counsel to consult and advise him does not satisfy the high standard—shock the conscience—required to establish a substantive due process claim. Accordingly, dismissal is warranted.[2]

---

[2] To the extent that Plaintiff sought to raise additional claims, the pleading is otherwise insufficient. For example, Plaintiff alleges missing personal property and excessive force during a prior stay in jail, but Plaintiff raised essentially the same issues, among others, in a prior lawsuit which the Court dismissed. *See* 2:25-cv-00047-SDN. Plaintiff is precluded from raising the same claims again. *See Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (summarizing claim and issue preclusion concepts). Even if preclusion did not apply, dismissal would still be appropriate for similar reasons discussed in the prior case, namely that Plaintiff does not support his vague or conclusory allegations with enough factual content about the "who, what,

## CONCLUSION

Based on the foregoing analysis, after review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, I recommend the Court dismiss the matter.[3]

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 5th day of September, 2025.

---

when, where, and how" of the relevant events to state a plausible claim of entitlement to relief. *See Byrne v. Maryland*, No. 1:20-cv-00036-GZS, 2020 WL 1317731, at *5 (D. Me. Mar. 20, 2020).

[3] If the Court adopts the recommendation, the Court can dismiss as moot Plaintiff's motion to proceed without prepayment of fees and Plaintiff's request for an expedited release from jail.