UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| THOMAS BAYNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:25-cv-00421-JAW |
| | ) | |
| CUMBERLAND COUNTY SHERIFF, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AFFIRMING RECOMMENDED DECISION OVER OBJECTION**

On August 18, 2025, Thomas Bayne, who is currently in state custody at the Cumberland County Jail, filed a complaint alleging he is being held without a hearing in violation of his constitutional rights and that jail personnel have ignored his objections to the lack of a hearing in further violation of his constitutional rights. *Compl.* (ECF No. 1).[1]

On September 5, 2025, a United States Magistrate Judge screened Mr. Bayne's complaint pursuant to 28 U.S.C. § 1915A. *Recommended Decision After Review of Pl.'s Compl.* (ECF No. 3) (*Recommended Decision*) (citing 28 U.S.C. § 1915A(a) (noting a "court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity").

---

[1] Mr. Bayne moved to proceed without prepayment of fees and demanded expedited release from jail. *Mot.* (ECF No. 2). The Magistrate Judge recommended that if the Court adopted his recommendation to dismiss Mr. Bayne's complaint, it also dismiss as moot both the motion to proceed without prepayment of fees and the motion for expedited release from jail. *Recommended Decision After Review of Pl.'s Compl.* at 6, n.3 (ECF No. 3) (*Recommended Decision*).

The Magistrate Judge recommended the Court dismiss Mr. Bayne's complaint. *Id.* at 1.

Because the Magistrate Judge reviewed Mr. Bayne's petition under 28 U.S.C. § 636(b)(1)(B), Mr. Bayne has a right to de novo review by a district judge upon filing an objection within fourteen days of being served. *See* 28 U.S.C. § 636(b)(1)(C). On September 15, 2025, Mr. Bayne filed a timely objection. *Obj. and Amendment* (ECF No. 4) (*Pl.'s Obj.*).

Mr. Bayne objects to the Magistrate Judge's Recommended Decision and the Court thus "shall make a de novo determination of those portions of the . . . recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* 28 U.S.C. § 636(b)(1)(B). At the same time, the Court is "only obliged to perform de novo review of disputed portions of the report and recommendation." *United States v. J.C.D.*, 861 F.3d 1, 6 (1st Cir. 2017). Under this standard, the Court reviews factual findings for clear error, *Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999), and gives plenary review to pure questions of law. *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010).

First, the Court affirms over Mr. Bayne's objection the Magistrate Judge's recommendation that his complaint be dismissed. Mr. Bayne alleges that his detention was unlawful because he should have been provided a hearing within forty-eight hours. *Compl.* at 3. The Court agrees with the Magistrate Judge: it is settled law that "a person arrested pursuant to a warrant issued by a magistrate on a showing of probable-cause is not constitutionally entitled to a separate judicial

determination" after arrest. *See Recommended Decision* at 4 (quoting *Baker v. McCollan*, 443 U.S. 137, 143 (1979)).

Further, Mr. Bayne's two-to-three-week delay between arrest and initial appearance does not rise to a substantive due process violation, and dismissal is warranted. As the Magistrate Judge pointed out, to determine whether a delay in presentment violates substantive due process, courts consider the "totality of circumstances" and whether "the government's conduct . . . 'shocks the conscience.'" *United States v. Jones*, 70 F.4th 1109, 1112 (8th Cir. 2023), *cert. denied*, 144 S. Ct. 366 (2023) (quoting *Hayes v. Faulkner Cnty., Ark.*, 388 F.3d 669, 674 (8th Cir. 2004)). In his objection, Mr. Bayne argues that it "shocks the conscience" to be held for as long as he has been. *Pl.'s Obj.* at 7.

Unfortunately for Mr. Bayne, the law is to the contrary. After reviewing caselaw from other federal courts, the Magistrate Judge concluded that the delay "between arrest and initial appearance on an alleged bail violation in an existing matter in which [Mr. Bayne] has counsel to consult and advise him does not satisfy the high standard—shock the conscience—required to establish a substantive due process claim." *Recommended Decision* at 4-5.

Second, the Court denies Mr. Bayne's request for change of venue, immediate release, and "financial awards" raised in his objection. *Pl.'s Obj.* at 8. Mr. Bayne did not move for a change of venue in his complaint yet does so for the first time in objection. *See id.* A litigant may not raise in his objection to a recommended decision before a district judge an issue he did not raise before the magistrate judge. "Parties

3

must take before the magistrate, 'not only their best shot but all of their shots.'" *Borden v. Sec'y of Health & Hum. Servs.*, 836 F.2d 4, 6 (1st Cir. 1987) (citing *Singh v. Superintending Sch. Comm. of City of Portland*, 593 F. Supp. 1315, 1318 (D. Me. 1984)). Mr. Bayne did not ask for a change of venue and the Magistrate Judge did not address it; accordingly, Mr. Bayne may not raise it in his objection.

Furthermore, Mr. Bayne does not support his vague or conclusory allegations with enough factual content about the "who, what, when, where, and how" of the relevant events to state a plausible claim of entitlement to relief. *See Byrne v. Maryland*, No. 1:20-cv-00036, 2020 U.S. Dist. LEXIS 48676, at *11 (D. Me. Mar. 20, 2020). For example, Mr. Bayne does not mention where he would like his case to be transferred and why a new venue would be appropriate. Thus, the Court rejects Mr. Bayne's demands for additional relief requested for the first time in his objection to the Magistrate Judge's recommended decision.

The Court AFFIRMS the Recommended Decision After Review of Plaintiff's Complaint (ECF No. 3) and accordingly DISMISSES Thomas A. Bayne Jr.'s Complaint (ECF No. 1) and the Court DISMISSES as moot Mr. Bayne's motion to proceed without prepayment of fees and requested expedited release from jail (ECF No. 2). Further, the Court DISMISSES Mr. Bayne's Objection and Amendment (ECF No. 4), including his request for change of venue and his reiterated demands for immediate release and financial rewards.

SO ORDERED.

                                              /s/ John A. Woodcock, Jr.
                                              JOHN A. WOODCOCK, JR.
                                              UNITED STATES DISTRICT JUDGE

Dated this 17th day of October, 2025.